CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
03/28/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>1.18 ACRES, MORE OR LESS, IN BUCKINGHAM COUNTY, VIRGINIA, LOCATED ON PARCEL IDENTIFICATION NO. 180-41, SITUATED SOUTH OF TRACTS IDENTIFIED AS PARCEL IDENTIFICATION NO. 181-3 AND 180-39, SITUATED EAST OF A TRACT IDENTIFIED AS PARCEL IDENTIFICATION NO. 180-38, AND SITUATED NORTHWEST OF A TRACT IDENTIFIED AS PARCEL IDENTIFICATION NO. 180-37,<br><br>and<br><br>ALL UNKNOWN OWNERS,<br><br>*Defendants*. | Case No. 6:18CV00047 |

**COMPLAINT IN CONDEMNATION**

**Nature of the Case**

1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property and (ii) the ascertainment and award of just compensation to the unknown owners of interest in the real property and any other interested parties (collectively, the "Owners").

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owners as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owners exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Western District of Virginia.

## Parties

4. Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5. That certain parcel of land located in Buckingham County, Virginia, identified as Tax Map Number 180-41, situated south of tracts identified as Parcel Identification Nos. 181-3 (owned by Willis River Farm, LLC) and 180-39 (owned by, among others, Dorothy Jean Scott), east of a tract identified as Parcel Identification No. 180-38 (owned by Osborne Family Property, LLC), and northwest of a tract identified as Parcel Identification No. 180-37 (owned by Osborne

Family Property, LLC) (hereinafter, the "Property"). Although the Property is identified as Tax Map Number 180-41 in Buckingham County, based on survey plats found of record and title research, Atlantic believes that the Property is situated north of where Parcel 180-41 is depicted on the Buckingham County tax maps. The location of Parcel 180-41 is depicted in **Exhibit 1-A**. The location of the Property based on the survey plats and title research is depicted as "09-107" in **Exhibit 1-B**.

6. Despite an extensive search of the land records of Buckingham County, Virginia, Atlantic has been unable to ascertain the record owners of the Property.

7. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

### Facts

8. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

9. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

10. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

11. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

12. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

13. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

14. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

15. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

16. The FERC-approved route of the ACP Project crosses the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

17. Atlantic seeks to construct a portion of the ACP Project on the Property. The ACP Project cannot be constructed until Atlantic acquires certain permanent easements (the "Permanent Easements") and temporary easements (the "Temporary Easements") (collectively the "Easements") on the Property. The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

18. A plat depicting the size and nature of the Easements and the ACP Project's route across the Property is attached hereto as **Exhibit 4**.

19. The Permanent Easements to be taken on the Property include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable.

20. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

21. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other materials to and from and through the Easements, and the right of access through any existing roads on the Property.

22. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

23. The Owners shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements. Specifically, the Owners shall not, without the prior written consent of Atlantic: (a) change the depth of cover or otherwise undertake earthmoving or construction within the Permanent Easements; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads, mobile homes, trees, telephone

or electric poles, water or sewer lines, or similar structures, within the Permanent Easements; (c) store or operate any heavy equipment in the Permanent Easements, except the use of typical farming equipment; and (d) construct ponds or lakes in a manner that would flood the Permanent Easements.

24. Atlantic has conducted extensive research into the title for the Property and attempted to ascertain the owners thereof, however, Atlantic has been unsuccessful in determining the Property's ownership, and thus has been unable to acquire the Easements by contract.

25. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. Ascertain and award just compensation to the Owners for the taking of the Easements; and

C. Grant such other relief as may be just and proper.

Dated:  March 28, 2018           Respectfully submitted,

**ATLANTIC COAST PIPELINE, LLC**
By Counsel

**s/ N. Patrick Lee**
Richard D. Holzheimer, Jr. (VSB No. 40803)
John D. Wilburn (VSB No. 41141)
N. Patrick Lee (VSB No. 78735)
Kang He (VSB No. 89237)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800

Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
rholzheimer@mcguirewoods.com
jwilburn@mcguirewoods.com
plee@mcguirewoods.com
khe@mcguirewoods.com

Godfrey T. Pinn, Jr. (VSB No. 43106)
Stacy E. Lee (VSB No. 78737)
**HARRELL & CHAMBLISS LLP**
707 East Main Street, Suite 100
Richmond, Virginia 23219
Telephone: (804) 643-8401
Facsimile: (804) 648-2702
gpinn@hclawfirm.com
slee@hclawfirm.com

*Counsel for Atlantic Coast Pipeline, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that a true copy of the foregoing will be served upon all named Defendants via private process server or, for unknown landowners and if permitted by the court, via publication. Once service is effectuated, an Affidavit/Return of Service will be filed with this Court.

                                        **s/ N. Patrick Lee**
                                        N. Patrick Lee (VSB No. 78735)