CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/18/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

### LYNCHBURG DIVISION

ATLANTIC COAST PIPELINE, LLC,

*Plaintiff*,

v.

1.18 ACRES, MORE OR LESS, IN BUCKINGHAM COUNTY, VIRGINIA, *et al.*,

*Defendants*.

Case No.: 6:18-CV-00047

ORDER

JUDGE NORMAN K. MOON

### ORDER VESTING TITLE

This matter comes before the Court on Plaintiff Atlantic Coast Pipeline, LLC's ("Atlantic") Motions for Default Judgment. Dkt. 19. For the reasons stated in the Findings of Fact & Conclusions of Law with respect to this Motion issued this day, the Court **ORDERS** as follows:

1. The Court **GRANTS** the motion for default judgment. Dkt. 19.

2. Atlantic is entitled to condemn the easements on the real property located in Buckingham County, Virginia, identified as Tax Map Number 180-41,[1] situated south of tracts identified as Parcel Identification No. 181-3 (owned by Willis River Farm, LLC) and 180-39 (owned by, among others, Dorothy Jean Scott), east of a tract identified as Parcel Identification No. 180-38 (owned by Osborne Family Property, LLC), and northwest of a tract identified as

---

[1] Although the Property is identified as Tax Map Number 180-41 in Buckingham County, the record reflects that the Property is actually situated north of where Parcel ID No. 180-41 is depicted on the Buckingham County tax maps, as identified by 09-107 in Dkt. 1, Ex. 1-B. *Compare* Dkt. 1, Ex. 1-A, *with* Dkt. 1, Ex. 1-B.

1

Parcel Identification No. 180-37 (owned by Osborne Family Property, LLC) (the "Property"). subject to the following:

    a. The Court awards just compensation in the amount of $1,043.00 for the Non-Responding Defendants All Unknown Owners. Pursuant to Fed. R. Civ. P. 71.1(j)(1), within sixty (60) days of this Order, Atlantic shall deposit said amount in the form of a cashier's check with the Clerk of the Court and file a notice on CM/ECF that said deposit has occurred. The Court **DIRECTS** the Clerk to place the funds in the Court's Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Fed. R. Civ. P. 67 and Local Rule 67.

    b. Atlantic shall file a chart broken down by easement that identifies: (i) each property for which Atlantic is submitting just compensation; (ii) the corresponding parcel numbers; (iii) the corresponding paragraph numbers in the Complaint in Condemnation; (iv) the total amount of just compensation; and (v) all persons or entities who own an interest in the property and the percentage of each person's interest. Atlantic shall also email the chart to Chambers. Atlantic has a continuing duty to advise the Court if the information in any filed chart changes, including whether there is any change for any parcel in the number of landowners or the percentages of their ownership interests;

    c. Atlantic shall record a copy of this Order, the chart described in paragraph (b), and the Complaint in Condemnation with Exhibits 1-A, (Dkt. 1-1), and 1-B, (Dkt 1-2), as well as Hearing Exhibit 5 (Dkt. 26-5) among the land records for Buckingham County, Virginia; and

d. Once Plaintiff has satisfied the three conditions above (paragraphs a, b, and c), indefeasible title to the easements sought in the Complaint in Condemnation located on the Property identified in paragraph 2 *supra*, shall vest in Atlantic Coast Pipeline, LLC.

The Court **DIRECTS** the Clerk to close the above-captioned matter.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED this __18th__ day of May, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE